**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JIMMY WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: ___________ |
| | ) | |
| C.R. BARD, INC., a New Jersey corporation; | ) | |
| DAVOL INC., a Rhode Island corporation, | ) | CA 06 552ML |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendants C.R. Bard, Inc. and Davol Inc. ("Defendants"), by their undersigned counsel, hereby removes the above-captioned matter from the Superior Court of Rhode Island, Providence County, Rhode Island, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Superior Court of Rhode Island, Providence County, Rhode Island, on December 12, 2006. Neither Bard nor Davol have been served with a copy of the Complaint or any state process.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants have not been served with a copy of the Complaint. *See* Att. A (copy of all process, pleadings, and orders). Removal is thus timely since it is prior to 30 days from the date of service.

4. Venue is proper. The Superior Court of Rhode Island, Providence County, Rhode Island is located within the District of Rhode Island, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 120 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Superior Court of Rhode Island, Providence County, Rhode Island and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that Plaintiff is a resident of the State of Missouri. *See* Compl. ¶ 1

10. Davol is, and has been at all relevant times, a corporation incorporated under the law of the State of Rhode Island with its principal place of business in Rhode

Island as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol is not a citizen of the State of Missouri.

11. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Bard is not a citizen of the State of Missouri.

**B. The amount in controversy requirement is satisfied.**

4. The Complaint alleges plaintiff incurred serious injuries. Upon information and belief, the amount of damages sought by plaintiff is in excess of the jurisdictional requisite in § 1332.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of Rhode Island, Providence County, Rhode Island to this Court pursuant to 28 U.S.C. § 1441.

Date: December 19, 2006

Respectfully submitted,

BY: ______________________________

Mark T. Nugent (#2637)
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903

Of Counsel:
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on Dec 19, 2006, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Rhett Klok
Motley Rice
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

*via electronic notice & first-class, postage prepaid, mail*

Mark T. Nugent